UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **CHARLES WALKER** | * | **CIVIL ACTION NUMBER: 6:23-CV-00970** |
| | * | |
| **VERSUS** | * | **JUDGE ROBERT R SUMMERHAYS** |
| | * | |
| **WALMART INC., JV** | * | |
| **MANUFACTURING, INC., ET AL** | * | **MAGISTRATE JUDGE DAVID J AYO** |

**************************************************************************

### ANSWER TO PETITION OF INTERVENTION

NOW INTO COURT, through undersigned counsel, comes defendant, WALMART, INC., who answers the Petition of Intervention filed by WASTE CONNECTIONS BAYOU, INC., as follows:

1.

The allegations contained in Paragraph 1 of the Petition for Intervention are denied.

2.

The allegations contained in Paragraph 2 of the Petition for Intervention are admitted insofar as Charles Walker filed suit. It is denied that Walmart, Inc. owes plaintiff any damages.

3.

The allegations contained in Paragraph 3 of the Petition for Intervention are denied for lack of sufficient information to justify belief therein.

4.

The allegations contained in Paragraph 4 of the Petition for Intervention are denied for lack of sufficient information to justify belief therein.

1

5.

The allegations contained in Paragraph 5 of the Petition for Intervention are denied.

6.

The allegations contained in Paragraph 6 (incorrectly numbered as Paragraph 7) of the Petition for Intervention are denied.

7.

The allegations contained in Paragraph 7 (incorrectly numbered as Paragraph 8) of the Petition for Intervention are denied.

FIRST DEFENSE

Walmart, Inc. pleads all defenses available to it pursuant to the Louisiana Workers' Compensation Act Title 23 and adopts all available defenses as if copied herein in extenso.

SECOND DEFENSE

Intervenor is not entitled to recover for the payment of any medical bills for pre-existing conditions unrelated to Plaintiff's accident and is not entitled to recover weekly indemnity benefits that were paid beyond what would be considered a reasonable time period.

THIRD DEFENSE

And now, further answering, and in the alternative, and in the event this Honorable Court should find Walmart, Inc. was guilty of negligence, which is specifically denied, then, and in that event, Defendant respectfully alleges that Plaintiff, Charles Walker, was guilty

of the following acts of contributory negligence, comparative negligence, and victim fault which said acts and/or omissions serve as a bar and/or in mitigation of any recovery herein, said acts and/or omissions consisting of principally, but not exclusively, of the following, to-wit:

(a) In failing to take due care and caution for his own safety;

(b) In failing to look at the area ahead of him where he was walking;

(c) In failing to observe an open and obvious condition;

(d) In failing to notice a bolt protruding from the ground which was easily observable and could have been easily avoided by the Plaintiff had he been paying attention;

(e) In failing to see what he should have seen and failing to do what he should have done;

(f) In failing to notice the presence of a bolt protruding from the ground, when, by the use of reasonable caution, he could and should have noticed same;

(g) In general, in failing to take proper care of his own safety and to avoid hazards which should have been obvious to him or, which, by the use of reasonable caution, would have been obvious to him;

(h) In failing to adhere to the visual warnings and/or the verbal warnings provided to him in order to avoid being injured;

(i) Any and all other acts of negligence and/or fault which will be shown at the trial of this matter.

## FOURTH DEFENSE

Walmart, Inc. raises as an affirmative defense the fault of all known and unknown third parties for whom it is not responsible, including, but not limited to, JV Manufacturing, Inc. and/or Cram-A-Lot, any subcontractor used by JV Manufacturing and/or Cram-A-Lot, and/or Plaintiff's employer.

## FIFTH DEFENSE

Plaintiff failed to mitigate his damages.

## SIXTH DEFENSE

Walmart, Inc. is entitled to a credit and or setoff for any and all medical bills which may have paid to and/or on behalf of the Plaintiff in the past or in the future.

## SEVENTH DEFENSE

Walmart, Inc. further shows that, in the alternative, if the alleged damages suffered by Plaintiff were in any respect a result of the negligence of any plaintiff or third party, then Defendant is entitled to a judgment as well as a reduction in the dollar amount of the judgment which may be rendered herein based upon the proportionate degree of fault attributable to said plaintiff or third party or parties.

## EIGHTH DEFENSE

Walmart, Inc. further shows that, in the alternative, if any of the parties or their insurers designated as defendants herein settle their respective liability with Plaintiff herein, then Defendant is entitled to a credit as well as a reduction in the dollar amount of

any judgment rendered herein based upon the proportionate degree of fault assigned and attributable to said defendant or defendants.

## NINTH DEFENSE

Alternatively, and only in the event that Plaintiff's negligence is not found to have been the sole and proximate cause of any injury sustained herein, which is specifically denied, then, in that event, Defendant shows that any recovery had by Plaintiff herein should be reduced by a percentage of fault applicable to Plaintiff's negligence, which is specifically asserted herein, or that of 3rd parties, and defendant specifically pleads the benefits of La. C.C. Arts. 2323 and 2324.

## TENTH DEFENSE

Defendant pleads the Patient Protection and Affordable Care Act of 2010 (sometimes referred to as "Obama Care"), in defense of, as a bar to and/or as a reduction of any damages for past or future medical expenses for which Defendant may be held liable to Plaintiff, which liability is at all times denied, for reasons including but not limited to: at all times relevant Plaintiff was and continues in the future to be required by law to have health insurance coverage and health insurers cannot deny coverage to Plaintiff or charge Plaintiff higher premiums for pre-existing conditions and, as a result, Plaintiff has not and cannot sustain a loss arising from or related to medical expenses incurred as a result of the incident that is the subject of this action because he had a legal duty under law, both under the Patient Protection and Affordable Care Act of 2010 and the duty to mitigate, to procure insurance coverage that will pay for such medical expenses.

ELEVENTH DEFENSE

Plaintiff's sole remedy is workers compensation benefits and he is not entitled to recover damages pursuant to a tort theory if the accident occurred as a result of his employer's fault.

8.

Walmart, Inc. specifically request a trial by jury on all issues triable by jury.

WHEREFORE, Walmart, Inc. prays that this Answer be deemed good and sufficient and that after due proceedings are had, there be judgment herein in favor of WALMART, INC. and against both WASTE CONNECTIONS BAYOU, INC. and PLAINTIFF dismissing their claims with prejudice, at their sole cost.

Defendant, Walmart, Inc. further prays for a trial by jury on all issues triable by jury.

Respectfully submitted,

**DAVIDSON, MEAUX, SONNIER, McELLIGOTT, FONTENOT, GIDEON & EDWARDS, L.L.P.**

*s/Philip A. Fontenot, #16918*
PHILIP A. FONTENOT, #16918
JAMI LACOUR ISHEE, #35872
810 South Buchanan Street
Post Office Box 2908
Lafayette, Louisiana 70502-2908
Telephone:    (337) 237-1660
Facsimile:    (337) 237-3676

Attorneys for Walmart, Inc.

## **CERTIFICATE**

    I HEREBY CERTIFY that on the 20th day of December, 2023, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system and that a copy of this filing has this day been forwarded to all counsel of record by the Court's electronic notification system.

*s/Philip A. Fontenot*