UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHARLES WALKER | CIVIL ACTION NO. 6:23-CV-00970 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| WALMART INC ET AL | MAGISTRATE JUDGE DAVID J. AYO |

## MEMORANDUM RULING

Before this Court is PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF JV MANUFACTURING, INC.'S ANSWERS AND OBJECTIONS TO HIS ORIGINAL AND SECOND RESPONSES TO REQUESTS FOR ADMISSIONS filed by Plaintiff Charles Walker. Rec. Doc. 66. Defendant JV Manufacturing, Inc. ("JV") opposes the motion. Rec. Doc. 68. For the reasons explained below, the motion is GRANTED in part and DENIED in part.[1]

## Procedural Background

Walker filed the instant suit in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana on March 1, 2023 against Walmart, Inc. ("Walmart"), JV, and ABC Insurance Company. Rec. Doc. 1-2. Walker's state court petition asserts claims for damages resulting from his tripping over a "bolt that was sticking up out of the concrete" while he was working at a Walmart Distribution Center in Opelousas, Louisiana. Walker further alleges that the bolt was left sticking out of the concrete by JV when they removed a trash compactor from the area. Rec. Doc. 1-2 at ¶¶ IV, V,

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A) nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a).

VI. Walmart removed the case to this Court on July 24, 2023, claiming complete diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of costs and interest. Rec. Doc. 1.

On May 2, 2025, and May 13, 2025, respectively, Walker sent JV an Initial Request for Admissions with 30 requests and a Second Request for Admissions with 14 requests. Rec. Docs. 49-5, 49-6. In response, on May 27, 2025, JV filed a Motion for Protective Order and Objection to Requests for Admissions asserting that "the discovery sought is cumulative and seeks improper legal conclusions and is disproportionate to this trip and fall case, thus in violation of Federal Rule of Civil Procedure article 26(b)(1) and (2)." Rec. Doc. 49. Following a hearing on August 27, 2025, this Court denied JV's motion and ordered that JV issue responses to the requests for admissions within 14 days of the hearing. Rec. Doc. 65.

On September 22, 2025, Walker filed the instant motion setting forth 17 contested requests for admissions[2] and asking this Court to "deem these contested Requests admitted or instruct JV to amend its responses per the Court's instructions" on the grounds that JV's responses are incomplete and violate "both the spirit and the clear meaning of Rule 36." Rec. Doc. 66-1. In opposition, JV argues that Walker's "requests and objections evade the purpose of Rule 36" and seek "to use RFA's to try

---

[2] According to a letter dated September 12, 2025—which is attached to the instant motion as Exhibit A—the following responses to the Initial and Second set of RFA's are contested:
Initial RFA Numbers – 5, 7, 12, 13, 19, 22, 24, 25,
Second Set RFA numbers – 2, 3, 4, 5, 7, 8, 11, 13, 14
The Court notes that the letter also contains RFA 6 which appears duplicative of RFA 5.

his case and gain evidentiary admissions on matters that are not wed to the simple issue before the factfinder." Rec. Doc. 68 at p. 1.

## Law and Analysis

Federal Rule of Civil Procedure 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

However, a court must limit the frequency or extent of discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Rule 36 allows parties to request admissions regarding the truth of any matters within the scope of Rule 26(b)(1), including ultimate facts, as well as applications of law to fact, or opinions about either. The scope of Rule 36 "allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." *In re Carney,* 258 F.3d 415, 419 (5th Cir. 2001). However, Rule 36 does not provide for requests for admission regarding pure legal conclusions. *In re Katrina Canal Breaches*, 2007 WL 1852184, at *1 (quoting

*Warnecke v. Scott*, 79 F. App'x 5, 6 (5th Cir. 2003) (citing *In re Carney*, 258 F.3d at 418).

> Rule 36 provides a procedure for denying a response for admission:
>
> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

The denial of a request for admission "as written" without further explanation is evasive. *Janko v. Fresh Mkt., Inc.*, 2015 WL 4714928, at *2 (M.D. La. Aug. 5, 2015) (citing *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.,* 2014 WL 295053, at *4 (E.D. La. Jan. 27, 2014)). If a request for admission is objected to, the responding party must provide the grounds for the objection and "must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5). General objections to requests for admission that are not addressed to specific requests to admissions are insufficient. *Janko*, supra. at *2.

"The Federal Rules provide two avenues for challenging a party's answer to a request for admission: Rule 36(a)(6), which addresses the form of the answer, and Rule 37(c)(2), which addresses the answer's factual accuracy." *Johnson v. Gooden*, 2021 WL 1030991, at *1 (M.D. La. Mar. 17, 2021). Under Rule 36, "there is no such thing as a motion to compel admissions[, but a] party may move to determine the

sufficiency of an answer or objection." *Plain v. Safeco Ins. Co. of Oregon*, 2024 WL 1980126, at *2-3 (M.D. La. May 3, 2024) (citation omitted & modification in original).

As set forth in Federal Practice & Procedure, "If a responding party files a response that contains the proper detail, however, the propounding party may not challenge the denial on the ground that it is unsupported by the evidence." 8B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2263 (3d ed. 2025). Similarly, requests for admissions are not principally discovery devices. *In re Katrina, supra* at *2.

The Court has painstakingly reviewed JV's responses to each of the contested Requests for Production and finds that each fairly and in good faith responds to the substance of the request as required by Rule 36. Accordingly, Walker's motion is GRANTED to the extent that the Court has determined the sufficiency of the answers and objections and DENIED as to the relief requested, for the following reasons.

JV's objections to Initial RFA No. 22, and Second RFA No. 2 are sustained. Initial RFA No. 22 asks for an admission that the "technicians could have hammered the bolt through the concrete in a matter of seconds." (Rec. Doc. 66-4 at p. 4). The Court agrees that this request calls for speculation and that there is testimony regarding this request in the corporate deposition testimony of JV. Second RFA No. 2 seeks an admission that JV's "annual revenue from Walmart related business exceeds that of any single related customer." *Id.* at p. 6. Walker's response to JV's answer admits there is testimony regarding this request in the corporate deposition testimony of JV. *Id.* Accordingly, the Court finds that this request is cumulative.

Regarding Initial RFA Nos. 5, 7, 12, 13, and 24, JV either denies the request with an adequate explanation or with an objection and an explanation. The Court finds that JV has in good faith qualified its answers and that its responses to these requests are sufficient responses.

Regarding Initial RFA No. 19 and Second RFA Nos. 3, 4, 5, 7, 8, 11, 13, and 14, JV either admits the request with an explanation or with an objection and an explanation. The Court finds that JV has in good faith qualified its answers and that its responses to these requests are sufficient responses.

## Conclusion

The Court finds that JV's responses to the contested Requests for Admission are sufficient. Accordingly, the PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF JV MANUFACTURING, INC.'S ANSWERS AND OBJECTIONS TO HIS ORIGINAL AND SECOND RESPONSES TO REQUESTS FOR ADMISSIONS (Rec. Doc. 66) is GRANTED to the extent that the Court has determined the sufficiency of the answers and objections and DENIED as to the relief requested.

THUS DONE in Chambers on this 10th day of December, 2025.

David J. Ayo
United States Magistrate Judge