**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**CHARLES WALKER** | **CASE NO. 6:23-CV-00970**

**VERSUS** | **JUDGE ROBERT R. SUMMERHAYS**

**WALMART INC ET AL** | **MAGISTRATE JUDGE DAVID J. AYO**

# ORDER

Presently before the Court are two Daubert Motions filed by JV Manufacturing [ECF No. 103] and Walmart [ECF No. 104]. Both motions address one expert witness, Philip Beard, retained by Plaintiff. Plaintiff opposes both motions.

An expert witness may testify in the form of an opinion if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[1] The proponent of expert testimony must lay a foundation for its admissibility.[2] As far as the admission of expert testimony, the district court functions as a "gatekeeper"—testing the reliability and relevancy of the proposed expert's scientific opinions.[3] The district court must consider at the outset whether: (1) a proposed expert is qualified to competently testify concerning his opinions; (2) his methodology is sufficiently reliable; and (3) his testimony would assist the jury, through the application of scientific, specialized, or technical expertise, to determine a fact in issue or understand the evidence.[4]

---

[1] Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).
[2] *Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir.2002).
[3] *Daubert*, 509 U.S. at 589–93.
[4] *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) (citing *Daubert*).

However, this inquiry is "a flexible one," focusing "on the principles and methodology, not on the conclusions that they generate."[5]

A court's gatekeeper role under *Daubert* is not a replacement for cross-examination or the role of the jury in assessing credibility and the weight afforded to expert testimony.[6] Rather the objective of the gatekeeping requirement "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."[7] And the district court has substantial discretion in deciding how to test an expert's reliability and whether the expert's relevant testimony is reliable. Where the expert testimony generally satisfies Rule 702, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[8]

The Court has reviewed the motions and finds that the arguments of the defendants go to the credibility of Mr. Beard, rather than the admissibility of his opinions. Cross-examination will be able to address the arguments raised by the defendants. Accordingly,

IT IS ORDERED THAT the Daubert Motions filed by JV Manufacturing [ECF No. 103] and Walmart [ECF No. 104] are DENIED.

THUS DONE in Chambers on this 29th day of September, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[5] *Daubert*, 509 U.S. at 595.
[6] *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) ("The trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system).
[7] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).
[8] *Daubert*, 509 U.S. at 596.